(No. 4208—)

ROBERT L. MIDDLETON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Robert L. Middleton, seeks to recover from respondent under the Workmen's Compensation Act for a partial loss of use of his left hand as a result of an accident that arose out of and in the course of his employment as an attendant at the Chicago State Hospital, operated by the Department of Public Welfare.

On April 10, 1949, claimant was working with some patients unloading large cans of food from trucks. The food containers were slid along the floor, and a patient, in sliding one of such cans, caught, and wedged claimant's left hand between two such cans.

The full extent of claimant's injuries was not at first diagnosed by X-Rays. However, some weeks later it was discovered that claimant had sustained a fracture at the proximal end of the first metacarpal of his left hand. This fracture extended into the metacarpal articulation. The fragment was displaced medially. This injury was very painful, the pain being centered over the thenar eminence. Claimant cannot bring his left thumb and little finger in contact. There is a grating at the articulation involved when the thumb is moved. Flexion is limited at that point, and loss of grip is evident. Claimant can no longer perform simple functions like buttoning his coat or shirt with his left hand. There is definite indication of traumatic arthritis. All these findings are considered to be permanent.

Dr. Albert C. Field testified for claimant. Dr. Louis Olsman testified for respondent. Commissioner Tearney has reported his observations of claimant's left hand at the hearing. All three agree exactly on the extent of claimant's partial loss of use of such hand.

This phalanx of unanimity leaves this Court no choice but to follow such uncontradicted testimony and

opinions, and we hold that claimant has sustained a 30 per cent loss of use of his left hand. Our conclusion is also buttressed in part by the case of *Smith* v. *State*, 18 C.C.R. 164, which involved a similar injury to an employee at the Chicago State Hospital, and, in which the same counsel appeared, and the same doctors testified.

No jurisdictional questions are involved, and except for $8.50 paid for by claimant, respondent has furnished all medical services.

Claimant lost no time from his job, so there is no question concerning temporary total disability.

On the date of his accident, claimant was 41 years of age, married, with one child, Vernell Middleton, aged 15, dependent upon him for support.

Claimant had not been employed for one year prior to his accident, but employees in the same category earned an annual wage of $1,650.00. Claimant's rate of compensation is, therefore, $19.50 per week.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Tearney. A statement in the amount of $42.00 has been rendered for such services, which is reasonable and customary. An award is, therefore, entered in favor of such firm in the amount of $42.00.

An award is entered in favor of claimant, Robert L. Middleton, under Section 8 (a) (e) (12) of the Workmen's Compensation Act for medical expenses, incurred, and paid for by him, in the amount of $8.50, and, in addition, for a 30 per cent loss of use of his left hand, being 51 weeks at $19.50 per week, or the sum of $994.50, making a total award of $1,003.00, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.